IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEDDY J. R., | ) |
|     Plaintiff, | ) No. 21 C 1847 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Teddy J. R. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

**Background**

On June 26, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 23-35, 80, 88.) The Appeals Council declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from July 31, 2015, his alleged disability onset date, through March 31, 2019, his date last insured ("DLI"). (R. 25.) At step two, the ALJ found that, through the DLI, plaintiff had the severe impairments of mild thoracolumbar scoliosis, degenerative joint disease, asthma, and chronic obstructive pulmonary disease. (R. 26.) At step three, the ALJ found that, through the DLI, plaintiff's impairments did not meet or medically equal a listed impairment. (*Id.*) At step four, the ALJ found that, through the DLI, plaintiff could not perform any past relevant work but had the RFC to perform medium work with certain exceptions. (R. 27-28, 32.) At step five, the ALJ

found that, through the DLI, jobs existed in significant numbers national economy that that plaintiff could have performed, and thus he was not disabled. (R. 33-35.)

Plaintiff argues that his case must be remanded because it was rendered by an agency that is unconstitutionally structured. Plaintiff's argument is grounded in the Supreme Court's decision in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). The *Seila* Court held that the structure of the CFPB, "an independent agency that wields significant executive power and is run by a single individual who cannot be removed by the President [except for cause]," violates the separation of powers clause of the Constitution. *Id.* at 2192. Plaintiff says the SSA has the same structure as that struck down by the *Seila* Court, and thus the SSA deprived him of a constitutionally valid administrative process. *See* 42 U.S.C. § 902(a)(3) (stating that the Commissioner of Social Security "may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office").

The Acting Commissioner concedes that "42 U.S.C. § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the [SSA] Commissioner without cause." (ECF 19 at 3.) She contends, however, that there is no separation of powers problem here because ALJ Suffi "was not appointed by a Commissioner subject to Section 902(a)(3)'s removal restriction," but by an Acting Commissioner who, the Supreme Court has said in an analogous case, is removable at will. (*Id.*); *see Collins v. Yellen*, 141 S. Ct. 1761, 1782 (2021) (because "Congress expressly restricted the President's power to remove a confirmed Director [of the Federal Housing Finance Agency]," in its enabling statute, "but said nothing of the kind with respect to an Acting Director," the Court presumed that Congress intended the disparate treatment); SSA Emergency Message EM-180003 REV 2 (Aug 8, 2018), *available at* https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM (last visited Dec. 7, 2021)

3

("On July 16, 2018, the Acting Commissioner ratified the appointment of ALJs and AAJs and approved their appointments as her own in order to address any Appointments Clause questions involving SSA claims."); https://ssa.gov/history/berryhill.html (last visited Dec. 7, 2021) (stating that Nancy A. Berryhill was the Acting Commissioner of SSA from January 21, 2017 to June 17, 2019); https://www.disabilityjudges.com/judge/carla-suffi ) (last visited Dec. 7, 2021) (showing that Carla Suffi has been an SSA ALJ since 2012).

Plaintiff does not argue, however, that ALJ Suffi was unconstitutionally appointed. Rather, he says the decision in this case is invalid because ALJ Suffi issued it on behalf of an SSA Commissioner who was subject to an infirm removal provision. (*See* R. 35 (showing 9/10/20 as the date of the ALJ's decision)); https://ssa.gov/history/commissioners.html (last visited Dec. 6, 2021) (stating that Andrew Saul was the SSA Commissioner from June 17, 2019 to July 9, 2021). However, as the *Collins* Court pointed out, the invalidity of a provision for removing an agency head does not mean that the provision for appointing them is invalid as well: "Although the statute unconstitutionally limited the President's authority to *remove* the confirmed [FHFA] Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office[,] . . . [and thus] no reason to regard any of the [contested] actions taken by the FHFA as void." 141 S. Ct. at 1787 (emphasis in original). As in *Collins*, even if the provision for removing the SSA Commissioner is unconstitutional, it does not invalidate his appointment to the position or the decisions rendered on his behalf. Thus, the Court rejects plaintiff's constitutional challenge to the ALJ's decision.

Plaintiff also argues that the ALJ's evaluation of plaintiff's subjective symptoms is not supported by substantial evidence. "Because the ALJ is 'in the best position to determine a witness's truthfulness,'" the Court will not overturn her credibility determination unless it is

4

"'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004) (quotations omitted). This Court "'merely examine[s] whether the ALJ's determination was reasoned and supported.'" *Id.* (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

Plaintiff contends that the ALJ disregarded his work history and cherry-picked evidence from his function report in making her credibility determination. The record, however, contradicts both assertions. The ALJ explicitly noted plaintiff's "good work history," and explained that the allegations he made in his function report (Exhibit B5E) were not supported by the medical evidence. (R. 28-31.) Because the ALJ's credibility determination is not patently wrong, it is not a basis for remand.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [18], and terminates this case.

**SO ORDERED.**  ENTERED: September 21, 2022

**M. David Weisman**
**United States Magistrate Judge**

5